UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

MATTHEW HEMELBERG,

        Plaintiff,                Case No.
                                                  Hon.

v

CITY OF FRASER, WAYNE O'NEAL,
MICHAEL CARNAGIE, KATHY BLANKE,
and MICHAEL LESICH,

        Defendants.

_____/

## COMPLAINT

Plaintiff Matthew Hemelberg ("Hemelberg"), by his attorneys, Driggers, Schultz & Herbst, P.C., for his Complaint against Defendants.

## JURISDICTION AND PARTIES

1. This is an action for damages arising under 42 U.S.C. §1983, the First Amendment to the United States Constitution, the Michigan Constitution of 1963 and under the common law of the State of Michigan.

2. Jurisdiction in this Court is proper pursuant to 28 U.S.C. §1331 and §1343 and based on pendent jurisdiction of this Court to adjudicate claims arising under state law.

3. Plaintiff has also suffered damages in excess of Seventy-Five Thousand and 00/100 ($75,000.00) Dollars.

4. Plaintiff is a resident of the district who was elected as a member of the City Council for the Defendant, City of Fraser and was classified as an employee of the City of Fraser.

5. Defendant City of Fraser is a public body corporate, located in Macomb County, Michigan.

6. Defendant Wayne O'Neal ("O'Neal") at all times relevant hereto has been employed as the Interim City Manager and City Manager for the City of Fraser.

7. Defendant Michael Carnagie ("Carnagie") at all times relevant hereto has been a member of the City Council for the Defendant, City of Fraser.

8. Defendant Kathy Blanke ("Blanke") has at all times relevant hereto has been a member of the City Council for the Defendant, City of Fraser.

9. Defendant Michael Lesich ("Lesich") has at all times relevant hereto has been a member of the City Council for the Defendant, City of Fraser.

## COMMON ALLEGATIONS

10. Plaintiff reincorporates and realleges paragraphs 1 through 9 of the Complaint as though fully restated herein.

11. Plaintiff Matthew Hemelberg was elected to the City Council for the City of Fraser by the voters in November 2013.

12. In 2015 Yvette Foster was elected to the City Council and Joe Nichols was elected as Mayor under the Charter voted as part of the City Council.

13. During 2016 it became clear to the City Council that with the current level of spending in the City, there would be a shortfall in the budget and insufficient revenue unless cuts were made in spending or additional revenues were generated from the taxpayers by a tax increase.

14. Plaintiff Hemelberg, Council Member Foster and Mayor Nichols associated to form a coalition and openly expressed their political views that the City of Fraser should cut back on its spending before imposing additional taxes on the taxpayers on the City of Fraser to fund the operations of the City.

15. Under the City Charter, the imposition of additional taxes or assessments requires a supermajority vote of at least five out of seven voting members of the City Council.

16. Throughout 2016, other members or the Fraser City Council sought to raise taxes on the residents of the City of Fraser but Hemelberg, Foster and Nichols openly expressed that they opposed the proposed tax increase unless there was also an agreement on reduction of government spending and voted against the tax

increase as the other council members failed to agree on the reduction of expenditures.

17. As a result, City Council was split and was unable to gather the votes required to raise taxes.

18. Hemelberg, Foster and Nichols suggested to their opponents on council that the tax increases sought by the other council members be submitted to the citizens of Fraser in a ballot proposal to create a special assessment district to raise money for the Public Safety Department.

19. In November 2016, the ballot proposal was submitted to the voters and the voters rejected the ballot proposal with over 60% of the voters voting against the proposed tax increase.

20. In January 2017, O'Neal was appointed as the Interim City Manager for the City of Fraser.

21. O'Neal immediately aligned himself with the four members of council supporting the proposed tax increase that had been rejected by the voters.

22. During 2017 O'Neal repeatedly told Hemelberg the City needed the five mil tax increase being sought by the other members of City Council, told Hemelberg that he needed to disassociate himself from Foster and Nichols on the tax issue and threatened Hemelberg that if he continued to support Nichols and Foster on the five mil tax issue City Council would remove him from office.

23. Upon information and belief, O'Neal began working behind the scenes trying to encourage female employees of the City of Fraser to raise claims of sexual harassment against Hemelberg and Nichols.

24. In May 2017 O'Neal told Hemelberg that the City needed the five mil tax increase being sought by the other members of City Council, again told Hemelberg that he needed to disassociate himself from Foster and Nichols on the issue and told him if he supported the five mil tax increase he would be helping the City and he would also be helping himself as City Council would not remove him from office.

25. In May 2017, Carnagie advised Hemelberg that he needed to disassociate himself from Foster and Nichols on the tax issue and told Hemelberg, if he continued to vote in opposition to the five mil tax increase with Foster and Nichols City Council would remove him from office.

26. On or about June 8, 2017 Council Member Blanke moved to approve a resolution to establish the police special assessment district and levy the 5 mil tax assessment.

27. Hemelberg joined Foster and Nichols in voting against the motion and, as a result, council was unable to garner the five votes necessary to increase taxes.

28. Four days later, on June 12, 2017 Fraser City Council convened a special meeting to discuss an investigation regarding alleged sexual harassment

complaints by certain employees and received a report with respect to an investigation that O'Neal had arranged for by hiring an attorney, without authority and without the approval or knowledge of at least three members of the City Council.

29. During the special meeting the council reviewed the report in closed session, took the matter under advisement and asked the City Attorney to provide an opinion regarding City Council's authority to remove elected officers under the Fraser City Charter and under state law.

30. Under Michigan law the power to remove elected public officials in the State of Michigan is delegated specifically to the Governor of the State of Michigan pursuant to Article V, Section 10 of the State Constitution of Michigan of 1963 and under the state statute MCLA §168.327.

31. In spite of Michigan law, on July 13, 2017 the City Council rejected a motion to submit the Hemelberg removal issue to the Governor and voted to proceed with the attempted removal of Hemelberg and Mayor Nichols by a hearing before the Fraser City Council, pursuant to the Fraser City Charter.

32. Council proceeded with the removal process in a hearing before City Council on September 18, 2017.

33. Defendants decided that the rules of evidence would not apply to the removal hearing and that hearsay evidence would be permitted.

34. At the conclusion of the hearing a motion was made and seconded to remove Hemelberg as a council member.

35. A roll call vote was conducted and only three members of the council voted in support of the motion to remove Hemelberg as a council member.

36. Despite the absence of a majority vote, City Council declared that the motion had passed, declared Hemelberg's council seat vacant, and removed Hemelberg from office.

37. City Council and its members advised the general public that Hemelberg had been removed from office and had been found guilty of sexual harassment.

## COUNT I

### VIOLATION OF PLAINTIFF'S CIVIL RIGHTS UNDER 42 U.S.C. §1983

38. Plaintiff reincorporates and realleges paragraphs 1 through 37 of the Complaint as though fully restated herein.

39. Plaintiff, in associating and affiliating with Council Member Foster and Mayor Nichols, in forming a coalition that openly expressed their political views that the City of Fraser should cut back on its spending before imposing additional taxes on the taxpayers of the City of Fraser was engaged in constitutionally protected activity under the First Amendment.

40. The Plaintiff was retaliated against and removed from his office as a member of City Council as a result of his political beliefs, association and affiliation with Foster and Mayor Nichols, and for exercising his rights of free speech and exercising his rights under the First Amendment of the United States Constitution.

41. Plaintiff's exercise of his political beliefs, association and affiliation and free speech were constitutionally protected activities and they were a substantial or motivating factor in the City's removal of the Plaintiff from office as a City council member.

42. Under color of law, and either by explicit act or by accepted custom or policy, the Defendants individually and jointly and severally violated Plaintiff's rights of free speech, rights of political association and expression of political views which are guaranteed by the First Amendment to the United States Constitution, and contrary to 42 U.S.C. §1983.

43. Further, under color of law, and contrary to 42 U.S.C. §1983 these Defendants jointly and severally deprived Plaintiff of his right to due process in the hearing to remove Plaintiff from office, in violation of the Fifth Amendment to the United States Constitution and in violation of the Michigan Constitution of 1963.

44. As a direct and proximate result of the conduct of the Defendants, Plaintiff has suffered damages including but not limited to, loss of income and fringe benefits, loss of future earning capacity, severe emotional distress, mental

anguish, embarrassment and humiliation, damage to reputation, costs and attorney's fees.

WHEREFORE, Plaintiff requests this Honorable Court enter a judgment in favor of Plaintiff against the Defendants jointly and severally, in whatever amount in excess of $75,000 to which Plaintiff is entitled for compensatory, exemplary and punitive damages and granting such other relief as Plaintiff may be entitled including equitable relief, costs, interest and attorney's fees.

## COUNT II

## VIOLATION OF MICHIGAN CONSTITUTION

45. Plaintiff reincorporates and realleges paragraphs 1 through 44 of the Complaint as though fully restated herein.

46. Defendants had knowledge and were advised that under Michigan law, MCLA §168.327 and that under the Constitution of the State of Michigan, Article V, Section 10, the power to remove elected public officials was specifically delegated to the governor of the State of Michigan.

47. In spite of such knowledge, Defendants rejected a motion to submit the issue regarding the removal of Hemelberg to the Governor of the State of Michigan and proceeded with removal by a hearing before the Fraser City Council pursuant to the Fraser City Charter.

48. Defendants also decided that the rules of evidence would not apply to the removal hearing and that hearsay evidence would be permitted.

49. A roll call vote was conducted and only three members of the council voted in support of the motion to remove Hemelberg as a council member, less than the majority required for removal.

50. Despite the absence of a majority vote, City Council declared that the motion had passed, declared Hemelberg's council seat vacant, and removed Hemelberg from office.

51. Defendants' action in proceeding with the removal hearing violated Article V, Section 10 of the Constitution of the State of Michigan.

52. The provisions of the Fraser City Charter and Defendants' actions in conducting the removal hearing of Hemelberg also violated the separation of powers of government under Article III, Section 2 of the Constitution of the State of Michigan in that Defendant in exercising their legislative powers exercised powers properly belonging to the executive branch.

53. Article I, Section 17 of the Constitution of the State of Michigan provides that the right of all individuals to fair and just treatment in the course of legislative and executive investigations and hearings shall not be infringed.

54. Defendants' action as described above, violated Article I, Section 17 of the Constitution of the State of Michigan and infringed on the right of the Plaintiff to fair and just treatment in the course of legislative investigations and hearings.

55. As a direct and proximate result of the conduct of the Defendants Plaintiff has suffered damages including but not limited to, loss of income and fringe benefits, loss of future earning capacity, severe emotional distress, mental anguish, embarrassment and humiliation, damages to reputation, costs and attorney's fees.

WHEREFORE, Plaintiff requests this Honorable Court enter a judgment in favor of Plaintiff against the Defendants jointly and severally, in whatever amount in excess of $75,000 to which Plaintiff is entitled for compensatory, exemplary and punitive damages and granting such other relief as Plaintiff may be entitled including equitable relief, costs, interest and attorney's fees.

Respectfully submitted,

DRIGGERS, SCHULTZ & HERBST

By: /s/Richard B. Tomlinson (P27604)\_\_\_\_\_
Richard B. Tomlinson (P27604)
Attorney for Plaintiff
2600 W. Big Beaver Road, Suite 550
Troy, Michigan 48084
(248) 649-6000 / (248) 649-6442 (fax)
rtomlinson@driggersschultz.com

Dated: July 13, 2018